# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH M. POINDEXTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:20-CV-03317-DGK-SSA |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Joseph Poindexter's application for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including major depressive disorder, dysthymic disorder, anxiety disorder, schizotypal personality disorder, Asperger's/learning disorder, and autism spectrum disorder, but he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain restrictions, including work as a bag loader, dryer attendant, and box bender.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for supplemental security income on January 4, 2019, alleging a disability onset date of January 1, 2017.  The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ.  The ALJ held a hearing and, on March 5, 2020, the ALJ issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on August 15, 2020, leaving the ALJ's decision as the Commissioner's final decision.  Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors.  *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016).  Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close.").  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

# Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's actions at Step Four. Plaintiff argues the ALJ erred in formulating the RFC because she improperly assessed: (1) the intensity, persistence, and limiting effects of Plaintiff's symptoms; and (2) the opinion of Plaintiff's treating physician. Neither argument has merit.

## I. The ALJ did not improperly assess the intensity, persistence, and limiting effects of Plaintiff's symptoms.

Plaintiff contends the ALJ first erred because she improperly assessed the intensity, persistence, and limiting effect of Plaintiff's symptoms. ECF No. 19 at 28–35. According to Plaintiff, substantial evidence does not support the ALJ's finding that Plaintiff's symptoms were "inconsistent with [Plaintiff's] course of treatment, mental status examinations, and reports of his daily functioning." *Id.*

Plaintiff's contentions are without merit. As for course of treatment, substantial evidence supports the ALJ's finding that Plaintiff "receives relatively conservative mental health care treatment, as it consists mostly of medication refills." R. at 21. Much of Plaintiff's treatment

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

consisted of seeing treating physicians for medication refills for his mental health ailments. R. at 309–311, 404–406, 484–85, 488–89, 495–496, 516–17, 611–12, 619, 630–631, 652–53.[2] But Plaintiff also saw a therapist. R. at 467, 476, 478, 556, 563, 571, 573, 580, 582, 584, 586, 590, 592, 594, 597, 600, 603, 605, 632. Courts have repeatedly found a conservative course of treatment like this undermines claims of disabling limitations. *See Pierce v. Kijakazi*, No. 21-1623, --- F.4th ---, 2022 WL 38473, at *3 (8th Cir. Jan. 5, 2022); *Lawrence v. Saul*, 970 F.3d 989, 996 (8th Cir. 2020); *Guetzloff v. Kijakazi*, No. 2:20-CV-04177-NKL, 2021 WL 5157487, at *5 (W.D. Mo. Nov. 5, 2021); *Alie v. Berryhill*, No. 4:16 CV 1353 JMB, 2017 WL 2572287, at *10 (E.D. Mo. June 14, 2017); *Lewis v. Colvin*, 973 F. Supp. 2d 985, 1004 (E.D. Mo. 2013).

Like the treatment front, the ALJ's findings about Plaintiff's daily activities is also supported by substantial evidence. As an initial matter, Plaintiff mischaracterizes the ALJ's findings by implying that she disregarded all of Plaintiff's allegations based on his daily activities. That is not true. The ALJ only found his daily activities were inconsistent with his alleged disabling limitations in "concentration, persistence, and pace." R. at 22. The record corroborates this finding. Plaintiff reads fantasy novels, plays guitar, writes music, cares for himself, exercises periodically, and manages his finances. R. at 76, 246–248, 585–586, 603. It was not an error for the ALJ to find that these activities were inconsistent with Plaintiff's allegations of disabling limitations in concentration, persistence, and pace. *See Adamczyk v. Saul*, 817 F. App'x 287, 291 (8th Cir. 2020); *Banks v. Massanari*, 258 F.3d 820, 826 (8th Cir. 2001).

Substantial evidence also supports the ALJ's finding that the results of mental status examinations as well as other record evidence undermined Plaintiff's allegations about disabling

---

[2] Contrary to Plaintiff's mischaracterization, the ALJ <u>did not</u> find that Plaintiff's treatment "only" consisted of medication refills. ECF No. 19 at 32. The ALJ made clear that Plaintiff's conservative treatment "mostly"—not only—consisted of medication refills.

limitations in concentration, persistence, and pace. R. at 22. Plaintiff's records reveal that his concentration was often noted to be well sustained, normal, or even good. R. at 483, 488, 493, 548, 616, 627, 637, 643, 649, 656, 663. Plaintiff was also noted to be able to follow instructions and finish what he started. R. at 155, 157, 248. It was further observed that on many occasions, Plaintiff had intact and adequate judgment. R. at 436, 493, 609, 616, 627, 637, 643, 649, 656, 663. The ALJ did not err in considering the inconsistency between Plaintiff's allegations and this substantial record evidence. *See Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021); *Adamczyk*, 817 F. App'x at 291; *Swink v. Saul*, 931 F.3d 765, 771 (8th Cir. 2019).

Rather than address the substantial evidence that undercuts Plaintiff's allegations, he argues that the ALJ completely ignored a report from Dr. Elizabeth Leuthold, Ph.D., that supposedly corroborates his allegations. This is not the case. The ALJ did not mention Dr. Leuthold by name, but she repeatedly cited to findings from the report throughout her thorough opinion. R. at 17–24. And as Defendant aptly notes, many of the findings in Dr. Leuthold's report were not inconsistent with the ALJ's ultimate RFC. *Compare* R. at 20 *with* R. at 548, 553. Finally, even assuming some of the findings in the report might have supported a different RFC, this not a basis for overturning the ALJ's decision. *See Swink*, 931 F.3d at 770. That is especially true where, as here, there is other substantial evidence that supports her findings related to the intensity, persistence, and limiting effect of Plaintiff's symptoms.

## II. The ALJ did not err in analyzing the opinion of Plaintiff's treating psychiatrist Dr. Sreekant Kodela, MD.

Plaintiff argues that the ALJ's assessment of Plaintiff's treating psychiatrist Dr. Sreekant Kodela, MD, was not supported by substantial evidence. ECF No. 19 at 36–38. Dr. Kodela provided a four-page Mental Residual Functional Capacity Form that consisted of checked boxes about various purported limitations. R. at 539–542.

5

Case 6:20-cv-03317-DGK   Document 26   Filed 02/01/22   Page 5 of 6

The ALJ did not err in finding this form unpersuasive.  It is not improper for an ALJ to discount a medical opinion that consists of nothing more than checked boxes with no explanation. *See Kraus v. Saul*, 988 F.3d 1019, 1025 (8th Cir. 2021).  Furthermore, substantial evidence supports the ALJ's decision to discount the opinion for lack of consistency and support.  Dr. Kodela's opinions about Plaintiff's purported limitations in following instructions and concentrating is contradicted by substantial record evidence suggesting no such limitations.  R. at 155, 157, 248, 483, 488, 493, 548, 616, 627, 637, 643, 649, 656, 663.  For example, Dr. Kodela himself often found Plaintiff to have "well sustained" concentration, normal attention, improved mood, normal orientation, and normal dressing and grooming.  R. at 637, 643, 649, 656, 663.

Given the perfunctory nature of Dr. Kodela's opinion as well as its lack of support and consistency with the record, the ALJ did not err in finding it unpersuasive.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   February 1, 2022              /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT